### WILLIAM VON WINDISCH *vs.* FREDERICK KLAUS.

It is no defence against a negotiable note in the hands of a bonâ fide holder for value, who took it before due and without notice, that the defendant was induced to endorse the note by the fraudulent representations of the maker, the endorsement having been made intentionally by the defendant.

The fact that money was stolen is a valid consideration for a promise on the part of the thief to repay it.

But it is otherwise where an agreement to prevent or obstruct a prosecution for the crime enters into the consideration.

ASSUMPSIT against the endorser of a promissory note; brought to the Court of Common Pleas of Fairfield County, and tried to the jury on the general issue before *Hall, J.* Verdict for the plaintiff, and a motion for a new trial by the defendant for error in the charge of the court. The case is sufficiently stated in the opinion.

*D. B. Lockwood* and *A. B. Beers*, in support of the motion.

*H. S. Sanford* and *G. Stoddard*, contra.

PARDEE, J. The defendant is sued as the endorser of a note made by one Lochnert. Upon the trial the plaintiff introduced evidence tending to prove, and claimed to have proved, that in 1874 Lochnert, having received for him $2,800 which came to him from the estate of his deceased father in Germany, deposited the money in certain savings banks in Bridgeport, retaining the books of deposit by the plaintiff's permission; that he loaned $400 to Lochnert; that subsequently Lochnert drew $1,350 from the deposit upon orders to which he had signed the plaintiff's name without authority; and that when this came to the knowledge of the plaintiff Lochnert gave him the note in suit in part payment of the money thus taken.

The defendant offered evidence tending to prove, and claimed to have proved, that Lochnert had obtained the $1,350 by forgery; and that the note in question was given by him and taken by the plaintiff upon the agreement of the latter to withhold and prevent a criminal prosecution against the former; and he requested the court to charge the jury that, if Lochnert obtained the plaintiff's money by forgery, the note given for the repayment of the money so obtained would be void as being given against public policy and as being without consideration.

The court charged the jury that if Lochnert did obtain the plaintiff's money by forgery, the note given for repayment would neither be illegal nor void; but that if the suppression of a criminal prosecution constituted any part of the consideration thereof, it would be void; that it is not necessary that there should be an express agreement to suppress; that it might be implied or mutually understood; and that if the jury should find that there was such an agreement the verdict should be for the defendant.

The defendant requested the court to charge the jury that he would not be liable upon his indorsement if Lochnert induced him to make it by false and fraudulent representations.

The court upon this point charged the jury that if Lochnert procured the plaintiff's endorsement by falsely and fraudulently representing that he wished to use the money in his business, that another person would also endorse the note, and that the defendant would never be compelled to pay it, such fraud would not avail the defendant as a defence against the plaintiff, a holder of the note in good faith and without knowledge or suspicion of the fraud.

The jury having rendered a verdict for the plaintiff, the defendant filed a motion for a new trial.

There is a legal duty resting upon him who has obtained money by theft to repay it, and his promise to repay stands upon the same basis as does every other agreement to discharge a legal obligation, but with this exception: when a crime is committed an individual suffers a wrong and the body politic receives a wound, and the law will not permit the individual so to obtain redress for his private injury as to prevent or obstruct, or induce the prevention or obstruction of, the administration of public justice. Therefore there must not go with the promise to repay any agreement, understanding or intention between the parties that the repayment shall be the occasion for withholding or suppressing a prosecution. So long as the transaction is the restoration of money wrongfully taken and nothing more the public have no interest in the matter; the individual right to a restitution is not merged in the public right to punish; indeed the law is better pleased when both restitution is made and punishment is inflicted than with either alone.

As to the second alleged error in the charge. The defendant endorsed the note with full knowledge of its contents, intending to bind himself to the payment of the sum of money therein named to the indorsee holding it at maturity, and delivered it thus endorsed to Lochnert with knowledge that the latter intended to put it in circulation. He says that he was induced to endorse it by the promise of Lochnert to procure an additional indorser, which undertaking failed of execution. The rule is that fraud even between the antecedent parties will be no defence or bar to the title of a *bonâ*

*fide* holder of a note for a valuable consideration who took it before it became due without notice of any infirmity therein; and this for the protection of the circulation of negotiable instruments; and the plaintiff is in a position to claim the benefit of the rule.    There is no error in the charge.

A new trial is not advised.

In this opinion the other judges concurred.